IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE WEATHER CHANNEL, INC., )<br>and THE WEATHER CHANNEL )<br>INTERACTIVE, INC. )<br> )<br>            Plaintiffs, )<br>v. )<br> )<br>ERIC SCHIFONE and )<br>BLUEHOST.COM INC., )<br> )<br>            Defendants. ) | Civ. Action No. _____ |

## VERIFIED COMPLAINT

Plaintiffs The Weather Channel, Inc. and The Weather Channel Interactive, Inc. (collectively, "TWC" or "Plaintiffs") state their Verified Complaint against Eric Schifone ("Schifone") and BlueHost.com Inc. ("BlueHost") (collectively, "Defendants") as follows:

## NATURE OF THE CASE

1.      TWC, the owner of the distinctive and well-known THE WEATHER CHANNEL trademark, recently became aware of Defendants' blatantly infringing use of a virtually identical mark, WEATHER CHANNEL, and virtually identical domain name, <weather-channel.org>.  Through Defendants' use of this domain name and mark, Defendants are intentionally trading off of TWC's goodwill in its

THE WEATHER CHANNEL mark, to the great and irreparable injury of TWC and to the confusion of the public.

2.      Accordingly, TWC brings this action for trademark infringement, cybersquatting, unfair competition, and deceptive trade practices, arising under the Federal Trademark Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"); the Georgia Unfair Competition Statute, O.C.G.A. § 23-2-55; the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*; and the common law.

## PARTIES

3.      Plaintiff The Weather Channel, Inc. is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business at 300 Interstate North Parkway, Atlanta, Georgia 30339.

4.      Plaintiff The Weather Channel Interactive, Inc. is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business at 300 Interstate North Parkway, Atlanta, Georgia, 30339. Plaintiff The Weather Channel Interactive, Inc. is an affiliate of Plaintiff The Weather Channel, Inc., and has been authorized to use trademarks owned by Plaintiff The Weather Channel, Inc.

5.     Defendant Schifone is an individual residing in Nashua, New Hampshire.   Schifone is operating a website (the "Infringing Website") in connection with the <weather-channel.org.> domain name (the "Infringing Domain Name") and is soliciting potential customers by actively representing himself to be the "Co-Founder" of "Weather Channel."

6.     Defendant BlueHost is a corporation organized and existing under the laws of the State of Utah, with a principal place of business at 1958 South 950, East Provo, Utah, 84606.   BlueHost is the registrant of record for the Infringing Domain Name.   A true and correct copy of the WHOIS database search result for the Infringing Domain Name is attached as **Exhibit A**.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.   This Court has supplemental jurisdiction over TWC's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

8.     This Court has personal jurisdiction over Defendant Schifone because Schifone does business in this State, has committed tortious acts in this State, and has otherwise established contacts within this State making the exercise of personal jurisdiction proper.   For example, Schifone has solicited local television news

stations within the State of Georgia, soliciting them to provide content for and become members of the Infringing Website.

9.      This Court has personal jurisdiction over Defendant BlueHost because BlueHost does business in this State, has committed tortious acts in this State, and has otherwise established contacts within this State making the exercise of personal jurisdiction proper.  BlueHost is the registrant of record for the Infringing Domain Name and hosts the Infringing Website, which contains content from at least four local television stations located within the State of Georgia, and thus directly targets Internet users within the State of Georgia.  A true and correct copy of a printout from the Infringing Website, dated October 28, 2010, is attached as **Exhibit B**.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to TWC's claims occurred in this District, in that Defendants' Infringing Website is directly targeted to Internet users within this District, and because Schifone has solicited and is continuing to solicit content for and membership to the Infringing Website from local television news stations in this District.

## FACTS

### *TWC's THE WEATHER CHANNEL Trademarks*

11.    TWC is a member of a group of related companies that provide a broad range of meteorological and related services in the United States and around the world, including products for radio, newspapers, digital cable services, interactive television and broadband and wireless platforms.  TWC employs over 100 meteorologists, including renowned experts in tropical weather, climatology, and severe weather who combine their skills with state-of-the-art weather technologies.

12.    Since at least as early as 1981, TWC has used the trade name, trademark, and service mark THE WEATHER CHANNEL in connection with providing meteorological services and meteorological information services disseminated through a wide range of media, including television, radio, the Internet, wireless communications, and print publications.  The meteorological information services provided by TWC under its THE WEATHER CHANNEL name and mark include, but are not limited to, current conditions, forecasts, news stories, travel and recreational information, maps, inclement event alerts, ultraviolet radiation indices, tide reports, ocean water temperatures, pollen counts and projections, air quality indices, travel delay information, road conditions, and forecasts relating to a wide range of specific interests such as golf and skiing.

13. TWC's cable television service, The Weather Channel, is the second most widely carried cable channel in the United States, viewed by millions each year. TWC's mark THE WEATHER CHANNEL is also extensively used in print media, including leading newspapers throughout the country. In addition, TWC provides meteorological information to affiliated radio stations in hundreds of radio markets across the country, and those stations use TWC's THE WEATHER CHANNEL name and mark to identify the source of that meteorological information to their listeners.

14. TWC's website, www.weather.com, prominently features TWC's THE WEATHER CHANNEL mark. The website provides current weather conditions and forecasts for over 98,000 locations worldwide, along with local and regional radars and other weather-related content. With millions of visitors each month, the website is consistently rated in the Top Five for news, entertainment, and information websites by Media Metrix and is the 29th most popular on the Internet within the United States. In addition to the <weather.com> domain name, TWC owns the domain names <weatherchannel.com> and <theweatherchannel.com>, with users accessing either domain name being automatically redirected to the www.weather.com website. A true and correct copy of a printout from TWC's www.weather.com website, dated October 29, 2010, is

attached as **Exhibit C**.  True and correct copies of the WHOIS database search results evidencing TWC's registrations for the <weather.com>, <weatherchannel.com>, and <theweatherchannel.com> domain names are attached collectively as **Exhibit D.**

15.  TWC is the owner of multiple federal trademark registrations issued by the United States Patent and Trademark Office, including the following:

| Mark | Registration Number | Description of Services Summary | Date of First Use |
|------|---------------------|--------------------------------|-------------------|
| THE WEATHER CHANNEL | 1,696,588 | Meteorological services | 7/30/1981 |
|  | 1,471,730 | Meteorological services | 5/2/1982 |
|  | 3,221,111 | Meteorological forecasting and providing meteorological information | 8/2000 |

(collectively, "THE WEATHER CHANNEL Marks").  Affidavits have been filed for Registration Nos. 1,696,588 and 1,471,730 pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and these registrations are

incontestable.   True and correct copies of trademark registrations for THE WEATHER CHANNEL Marks are attached collectively as **Exhibit E**.

16.    By virtue of TWC's continuous and extensive use, dissemination and promotion of its The Weather Channel name and THE WEATHER CHANNEL Marks for nearly thirty years, TWC has acquired virtually universal public recognition throughout the United States and extensive common law rights in its THE WEATHER CHANNEL Marks.

17.    TWC's THE WEATHER CHANNEL Marks are symbolic of the extensive goodwill and public recognition established and developed by TWC as the result of TWC's extensive advertising and promotion thereof in connection with TWC's goods and services.

### *Defendants' Wrongful Conduct*

18.    Decades after TWC's adoption and first use of THE WEATHER CHANNEL mark, Defendants registered the Infringing Domain Name and began using it in connection with the Infringing Website, offering information and services of the same type as those long offered by TWC in connection with its distinctive THE WEATHER CHANNEL mark.

19.    The Infringing Website also makes prominent, attention-getting use of the WEATHER CHANNEL mark, a virtually identical imitation of TWC's THE

WEATHER CHANNEL Marks.  A true and correct copy of a printout from the Infringing Website, dated October 13, 2010, is attached as **Exhibit F**.

20.     To obtain content for the Infringing Website, Defendants have solicited, and are continuing to solicit, various local television news stations across the country through correspondence such as the e-mail attached as **Exhibit G**.  In such e-mails, Defendant Schifone, identifying himself as "Co-Founder, Weather Channel," requests weather "posts" or "blog articles" for use on the Infringing Website.

21.     Additionally, Defendants offer for sale, through the Infringing Website, $99 packages, which may be purchased by any entity wishing to "have [its] websites listed in [Defendants'] directory."   A true and correct copy of a printout from the Infringing Website evidencing this offer, dated October 28, 2010, is attached as **Exhibit H**.

22.     Before Defendants began using the Infringing Domain Name and infringing TWC's THE WEATHER CHANNEL Marks, they had actual and constructive knowledge of TWC's strong rights in its THE WEATHER CHANNEL Marks because of TWC's federal registrations and its longstanding and extensive use of the marks.  As evidence of Defendants' prior knowledge, a map depicting TWC's THE WEATHER CHANNEL Marks, which Defendants

9

obtained from an unauthorized Google Gadget, have been displayed on the Infringing Website.  (*See* Exhibit F.)

23.    Defendants are offering their services nationwide through the Infringing Website, including directly targeting these services to Internet users located within the State of Georgia, as shown by their posting hyperlinks to, and framing webpages from, the websites of various Georgia local television news outlets on the Infringing Website.  (*See* Exhibit B.)  Moreover, in their search for content, Defendants are aiming their advertising and solicitation efforts at local television news stations throughout the country, including within the State of Georgia.

24.    Not only is Defendants' use of virtually identical imitations of TWC's THE WEATHER CHANNEL Marks in website content and e-mail advertising likely to cause confusion, but such confusion is further aggravated by Defendants' use of TWC's THE WEATHER CHANNEL mark within the name of the Infringing Domain Name, as both types of uses incorporate the entirety of TWC's THE WEATHER CHANNEL mark, removing only the term "THE."  Moreover, Defendants' inclusion of a hyphen and the ".org." top level domain indicator does not substantively distinguish Defendants' infringing marks from those owned by TWC.

25.     Additionally, the services offered by Defendants are highly similar or closely related to the services offered by TWC, and Defendants are targeting the same members of the public as those targeted by TWC, since both parties offer real-time, local weather information to Internet users nationwide.

26.     Consequently, Defendants intentionally are seeking to cause confusion and trade on TWC's goodwill in its THE WEATHER CHANNEL Marks throughout the United States in an effort to reap underserved profits.

### *TWC's Discovery of Defendants' Infringing Conduct*

27.     Shortly after learning of the existence of the Infringing Domain Name, on August 4, 2010, TWC sent a letter to Defendant BlueHost, the registrant of record for the Infringing Domain Name, requesting that BlueHost immediately cease use of the domain name and transfer ownership of it to TWC.  TWC received no response.  A true and correct copy of the letter from TWC to BlueHost is attached as **Exhibit I**.

28.     On October 12, 2010, TWC became aware of Defendant Schifone's involvement with the Infringing Website when it received an e-mail forwarded to it by a Denver television news station.  In the forwarded e-mail, Schifone had solicited weather posts and blog articles for the Infringing Website from the

11

Denver station.  In a blatant effort to trade on TWC's goodwill, Schifone signed this e-mail as "Co-Founder, Weather Channel."  (*See* Exhibit G.)

29.    Upon receiving a copy of Schifone's e-mail, TWC reviewed the website and found that, since the August 4, 2010 letter, Defendants had significantly enhanced and expanded the Infringing Website and their infringing use of TWC's THE WEATHER CHANNEL Marks.  TWC thus immediately sent Schifone a letter, requesting that he stop using THE WEATHER CHANNEL Marks, that he stop representing to potential customers that he is affiliated or otherwise associated with TWC, and that he cooperate in arranging for transfer of the Infringing Domain Name to TWC.  A true and correct copy of the letter from TWC to Schifone is attached as **Exhibit J**.  In response, Schifone offered to sell the Infringing Domain Name to TWC.

30.    TWC has learned that Defendant Schifone's use of THE WEATHER CHANNEL Marks on the Infringing Website and in e-mail solicitations is not an isolated incident and is instead part of a pattern indicating a bad faith intent to profit from other companies' goodwill, marks, and domain names.  For example, Schifone is the registrant of record for the <weather-underground.org> domain name, despite the existence of a registered trademark for THE WEATHER UNDERGROUND, owned by a direct competitor of TWC, the Weather

12

Underground, Inc.  A true and correct copy of the WHOIS database search result, evidencing Defendant Schifone's registration for the <weather-underground.org> domain name, dated October 29, 2010, is attached as **Exhibit K**.  A true and correct copy of the federal trademark registration of the mark THE WEATHER UNDERGOUND is attached as **Exhibit L**.

31.    As further proof of Defendants' bad faith intent to profit from TWC's goodwill and marks, the Infringing Domain Name is being offered for sale for $50,000 on the Flippa auction website, located at www.flippa.com.  According to the auction posting, moreover, the Infringing Domain Name "appears #2 for Weather Channel Searches in Bing, Yahoo, etc. and appears on the first page for state weather channel related phrases for almost every state in the USA."  A true and correct copy of a printout from the Flippa auction website, dated October 29, 2010, is attached as **Exhibit M**.

### *Harm to The Weather Channel and the Public*

32.    Persons in the television industry, as well as Internet users throughout the United States, are familiar with TWC's THE WEATHER CHANNEL Marks and are likely to believe erroneously that Defendants' services are those of TWC or are otherwise connected with, authorized, endorsed, or sponsored by TWC.

33.     Defendants' use of marks that are virtually identical and confusingly similar to TWC's THE WEATHER CHANNEL Marks is deceiving the public, causing immediate and irreparable harm and damage to TWC, and unlawfully generating income for Defendants.

34.     By registering, using, and attempting to traffic in the Infringing Domain Name, Defendants have acted with a bad faith intent to profit from the goodwill TWC has developed in its THE WEATHER CHANNEL Marks.

35.     As a direct consequence of Defendants' unauthorized use of TWC's marks, and marks virtually identical and confusingly similar to TWC's marks, TWC has been irreparably injured, and will continue to be irreparably injured.  The public also has been deceived into believing that the Infringing Website is authorized, endorsed, or approved by TWC, to TWC's great detriment.

36.     Despite clear notice from TWC, Defendants are willfully ignoring TWC's exclusive rights in its THE WEATHER CHANNEL Marks and seeking instead to trade on the goodwill and communicative power of these marks.  If not stopped, Defendants' conduct will cause significant consumer confusion, and will continue to harm TWC's goodwill and business reputation.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

37.    TWC repeats and incorporates by reference the allegations contained in paragraphs 1-36.

38.    Defendants' unauthorized use of TWC's THE WEATHER CHANNEL Marks and confusingly similar imitations is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are affiliated, connected, or associated with TWC or have the sponsorship, endorsement, or approval of TWC, all in violation of 15 U.S.C. § 1114.

39.    Defendants' unauthorized use of TWC's THE WEATHER CHANNEL Marks has likely caused and, unless restrained, will likely continue to cause great and irreparable injury to TWC, its trademarks, and to the business and goodwill represented thereby, in an amount that cannot presently be ascertained, leaving TWC with no adequate remedy at law.  TWC, therefore, is entitled to injunctive relief under 15 U.S.C. § 1114.

40.    Defendants' actions demonstrate a willful intent to trade on the reputation and goodwill associated with TWC's THE WEATHER CHANNEL Marks, thereby entitling TWC to recover an amount equal to treble Defendants'

15

profits, treble TWC's damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## CYBERSQUATTING
## 15 U.S.C. § 1125(d)

41.     TWC repeats and incorporates by reference the allegations contained in paragraphs 1-36.

42.     By registering and using the Infringing Domain Name, Defendants have registered, trafficked in, and used a domain name that is virtually identical and confusingly similar to TWC's THE WEATHER CHANNEL Marks. Defendants are using the domain name with the bad faith intent to profit unlawfully from the goodwill associated with TWC's THE WEATHER CHANNEL Marks, as shown by Defendants' offers of "packages" for $99 on the Infringing Website and as shown by Defendants' offers to sell the Infringing Domain Name.

43.     Defendants are using the Infringing Domain Name with the intent to divert consumers from TWC's website, located at the <weatherchannel.com>, <theweatherchannel.com>, and <weather.com> domain names, to the Infringing Website, with the bad faith intent to profit from TWC's marks by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement.

44.     Defendants are operating the Infringing Website with the intent to profit from their use of the Infringing Domain Name and the consequent confusion of Internet users and members of local television news stations trying to access the <weatherchannel.com>, <theweatherchannel.com>, or <weather.com> domain names.

45.     Defendants' registration and use of multiple domain names that are confusingly similar to registered trademarks owned by other entities, including the Infringing Domain Name and the <weather-underground.org> domain name, evidences Defendants' bad faith intent to profit off of the goodwill existing in the registered trademarks of others.

46.     Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

47.     Defendants' unauthorized use of the Infringing Domain Name has caused and, unless enjoined, will continue to cause, irreparable injury to TWC and to the goodwill associated with TWC's THE WEATHER CHANNEL Marks.

48.     Because Defendants' infringing conduct is causing and is likely to continue causing substantial injury to the public and to TWC, TWC is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. §

1117(d) or Defendants' trebled profits, together with TWC's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

49.     TWC repeats and incorporates by reference the allegations contained in paragraphs 1-36.

50.     Defendants' unauthorized use of TWC's THE WEATHER CHANNEL Marks and confusingly similar imitations constitutes false representations, false descriptions, and false designations of origin that likely have caused and are likely to continue causing confusion or mistake, or to deceive as to the affiliation, connection or association of Defendants' goods or services with those of TWC, or as to the origin, sponsorship or approval of Defendants' goods and services by TWC.  Such actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Defendants' unauthorized use of TWC's marks has caused and, unless restrained, will continue to cause great and irreparable injury to TWC, and the business and goodwill represented thereby, resulting in damages in an amount that cannot be presently ascertained, leaving TWC with no adequate remedy at law. TWC, therefore, is entitled to injunctive relief under 15 U.S.C. § 1114.

52.    Defendants' actions demonstrate a willful intent to trade on the reputation and goodwill associated with TWC's marks, thereby entitling TWC to recover treble Defendants' profits, treble damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT IV
## STATE AND COMMON LAW UNFAIR COMPETITION
## O.C.G.A. § 23-2-55

53.    TWC repeats and incorporates by reference the allegations contained in paragraphs 1-36.

54.    Defendants' conduct constitutes state and common law unfair competition, and has created and will continue to create a likelihood of confusion, to TWC's irreparable injury unless restrained by this Court.  TWC has no adequate remedy at law for this injury.

55.    Defendants have acted with full knowledge of TWC's use of, and statutory and common law rights to, TWC's THE WEATHER CHANNEL Marks without regard to the likelihood of confusion of the public created by such activities.  Defendants' conduct demonstrates a bad faith, intentional, and willful intent to mislead, deceive, and confuse the public.

56.    Such conduct is in violation of the common law prohibition against unfair competition, and constitutes unfair competition under O.C.G.A. § 23-2-55.

As a result of Defendants' actions, TWC has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, TWC is entitled to injunctive relief, to an award of its actual damages, and to an accounting for any profits enjoyed by Defendants as a result of their unlawful conduct pursuant to O.C.G.A. § 51-1-6.

**COUNT V**
**DECEPTIVE TRADE PRACTICES**
**O.C.G.A. §§ 10-10370 *et seq.***

57.     TWC repeats and incorporates by reference the allegations contained in paragraphs 1-36.

58.     Defendants have engaged in deceptive trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-01-370 *et seq.* by: (1) causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; (2) causing a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants with TWC; (3) acting with a bad faith intent to profit from the use and registration of the Infringing Domain Name; (4) using deceptive representations or designations of origin in connection with Defendants' services; and (5) engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding of the trade and public.

59.   The unauthorized use by Defendants of confusingly similar imitations of TWC's THE WEATHER CHANNEL Marks is causing and, if not enjoined by this Court, is likely to continue causing substantial injury to the public and to TWC, and TWC is entitled to injunctive relief and to recover its costs and reasonable attorneys' fees pursuant to O.C.G.A. § 10-1-373, as well as to an award of its actual damages, and to an accounting for any profits enjoyed by Defendants as a result of their unlawful conduct pursuant to O.C.G.A. § 51-1-6.

60.   Defendants' conduct has been willful and in bad faith, making this an exceptional case under O.C.G.A. § 10-1-373(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, TWC prays:

1.   That Defendants, their partners, agents, employees, and all persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from:

a)   using the Infringing Domain Name, TWC's THE WEATHER CHANNEL Marks or similar imitations, and any trademark, company name, or domain name that is confusingly similar to TWC's THE WEATHER CHANNEL Marks;

b) engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services with or by TWC; and

c) otherwise infringing upon TWC's THE WEATHER CHANNEL Marks or unfairly competing with TWC in any manner whatsoever.

2. That Defendants be ordered to transfer and assign to TWC or its designee the Infringing Domain Name.

3. That an accounting be ordered and judgment be rendered against Defendants for all profits received from the sale or provision of products or services directly or indirectly in connection with, or advertised or promoted in any manner, utilizing the Infringing Domain Name, TWC's THE WEATHER CHANNEL Marks or confusingly similar imitations thereof.

4. That the award of profits resulting from Defendants' infringement, unfair competition, and false designation of origin of products and services be trebled.

5. That TWC recover its actual damages.

22

6. That TWC recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000.00.

7. That Defendants be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear references to THE WEATHER CHANNEL Marks or confusingly similar imitations, or to the Infringing Domain Name.

8. That Defendants be directed to file with the Court and serve on TWC, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

9. That TWC be awarded its costs in connection with this lawsuit, including reasonable attorneys' fees and expenses.

10. That TWC have such other and further relief as the Court may deem just and proper.

This 29th day of October, 2010.

Respectfully submitted,

/s/  Sabina A. Vayner

Judith A. Powell (Ga. Bar No. 586125)
Sabina A. Vayner (Ga. Bar No. 565211)
Jessica A. Ash (Ga. Bar No. 133052)
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: jpowell@kilpatrickstockton.com
        svayner@kilpatrickstockton.com
        jash@kilpatrickstockton.com

Attorneys for Plaintiffs The Weather
Channel, Inc. and The Weather Channel
Interactive, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE WEATHER CHANNEL, INC., | ) | |
| and THE WEATHER CHANNEL | ) | |
| INTERACTIVE, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civ. Action No. _____ |
| | ) | |
| ERIC SCHIFONE and | ) | |
| BLUEHOST.COM INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the attached pleading complies with the font and point selections prescribed by Local Rule 5.1C and uses 14 point Times New Roman Font.


                                         /s/  Sabina A. Vayner
                                         Sabina A. Vayner

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE WEATHER CHANNEL, INC., and THE WEATHER CHANNEL INTERACTIVE, INC. <br><br> Plaintiffs, <br><br> v. <br><br> ERIC SCHIFONE and BLUEHOST.COM INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   Civ. Action No. _____ |

## **VERIFICATION**

I, Sheri Gates McGaughy, am Vice President, Legal, of The Weather Channel, Inc.  I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read and understand the foregoing Verified Complaint and that the facts alleged therein are true and correct.

Executed on October 29, 2010.

Sheri Gates McGaughy
Vice President, Legal
The Weather Channel, Inc.